## CIRCUIT COURT OF HENRICO COUNTY

Suzanne J. Piland

v.

Mack D. Piland

May 5, 1983

Case No. 82C800

By JUDGE E. BALLARD BAKER

This divorce case, which now comes down to a division of property between Suzanne and Mack and child support, began with a Bill of Complaint filed July 16, 1982. There are two children, girls aged almost six and four. Depositions have been taken and a no-fault divorce is appropriate. The parties agree on custody of the children being with Suzanne.

The Court has been asked to decide who gets what personal property, or make some reasonable provisions relating to the value of it, and partition the real estate.

On March 21, 1983, the parties were asked to have an appraisal of the real estate, which is the marital home, and each party was also asked to put a dollar value on the various pieces of personal property. While it is agreed the home is marital property, there is a dispute with respect to certain items of personal property.

On April 25, 1983, the Court heard testimony from the parties on the property issues. Each party has filed a list of personal property which he or she considers marital, with a valuation. Some pieces of

personalty are alleged to be missing from the marital home, which has been occupied by Mack since the separation.

The marital home was appraised at $52,500. Suzanne has stated a desire and ability to buy the home. Mack has stated a desire to do so.

What we are concerned with here is a distribution under Virginia Code 20-107.3, and spousal and child support under 20-107.1 and 20-107.2.

The real property, the marital home on Sunnybrook Road, is jointly owned and is marital property. It is appraised at $52,500, and is subject to mortgage of $22,685.96. Suzanne is willing to buy this by paying Mack his share of the equity, which is around $14,900. and assuming the mortgage. This is a reasonable procedure. The Court is willing to provide in a final decree that this purchase be carried out in accord with Suzanne's offer of April 25, 1983.

The personal property is more of a problem, though having lesser value. This property consists of normal household items and many not-so-normal items. Mack has submitted his values on some 34 items, indicating which he thinks he should retain and which should go to Suzanne. Suzanne has filed values for some 42 items of "marital personal property." The parties do not agree as to valuation; they do not agree on what is marital or what is separate; they do not agree on why some items, claimed by one or the other to be in the marital home, are not there.

This Court agreed to break the hang-up on the personal property, but must do so on a minimum amount of information. The only alternatives would be a reference to a commissioner and a detailed hearing with respect to the heritage of the numerous pieces of personal property and the valuation of each. Understandably, the possible cost of embarking on that road has discouraged either party from making such a request. With some reluctance, and in order to save

the parties the time and expense of a reference, the Court will do as it can on the personal property.

Upon consideration of what was presented to the Court on March 21, 1983, and April 25, 1983, the Court will, in a final decree, provide as follows:

(1) Those items shown on the "Suggested Division of Personal Property" filed by Mack on March 21, 1983, as property owned by Mack shall go to Mack; those shown as property owned by Suzanne shall go to Suzanne. This can be considered as separate property.

(2) To the extent that the items covered above are included in the "Proposed Property Settlement" filed by Suzanne on March 21, 1983, they are removed from said statement, but the other items of personal property are to be divided as shown on Suzanne's statement.

(3) Distribution of the personal property in this manner gives more to Suzanne than to Mack, and makes a monetary award to Mack necessary. Some of the items which wind up with Suzanne are gone, the Guild guitar, and obviously she should not have to pay for them. It is also difficult, if not impossible, to relate the values given by Suzanne and Mack to the items to be distributed in the manner stated above. However, upon consideration of what is before this Court, Suzanne should pay Mack $2,400. for the personal property she receives over and above what he receives.

The matter of child support remains. There are two children, both girls, ages six and four. They are with Suzanne. Evidence presented on April 25, 1983, was that Suzanne has a gross income of $2,474. per month. Mack testified that he was self-employed as an electronic technician, was producing only about $288. a month gross and was looking for full time employment.

It appears that Mack does not have sufficient income to pay child support from his earnings. However, he does, under the order to be entered, stand to

receive a substantial sum of money from Suzanne for the personal property. Suzanne should not be required to pay money to Mack when he is not paying child support to Suzanne. Consequently, this Court will direct that Mack pay child support of $100. per month, per child, until further order of Court, and that Suzanne will be allowed to withhold any payment to Mack for the personal property at the rate of $200. per month, until further order. The case does not call for spousal support at this time.

As to attorney's fees, Suzanne has the better income, and Mack will receive a substantial sum from the sale of his interest in the house. The divorce is on no-fault grounds, and it seems to the Court that there have been sincere positions taken as to the personal property which have delayed the case. Under these circumstances, an allowance of $250. on attorney's fees to be paid by the defendant to the plaintiff will be granted.